**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ANGELA GROSSO and CAMILLA GROSSO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   No. 2:25-cv-00630-LEW |
| | ) |
| TOYOTA MOTOR CREDIT CORPORATION | ) |
| d/b/a LEXUS FINANCIAL SERVICES; | ) |
| EQUIFAX INFORMATION SERVICES LLC; | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC.; | ) |
| and TRANS UNION LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

Trans Union LLC ("Trans Union"), hereby answers Plaintiffs' Complaint as follows:

**PRELIMINARY STATEMENT**

1.      Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

4.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

5.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

6.  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

7.  Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

8.  Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

9.  Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response

from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## JURISDICTION AND VENUE

10.     Trans Union admits that jurisdiction is proper in this Court.

11.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

14.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

17.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19.     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

20.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

21.    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

22.    Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTS

20.    [*sic]* Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

37.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

38.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41. Trans Union admits that it received a dispute from Plaintiff in or around September 2024. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42. Due to the vague and generalized nature of the allegations, and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43. Due to the vague and generalized nature of the allegations, and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44. Trans Union admits that it received a dispute from Plaintiff in or around September 2024, and that it contacted TMCC as part of its investigation of Plaintiff's dispute. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

45. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

46. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the

effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

47.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

48.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49.     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

50.     Trans Union admits that it received a dispute from Plaintiff in or around June 2025. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).

51.     Trans Union admits that it received a dispute from Plaintiff in or around June 2025. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).

52.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

53. Trans Union admits that it received a dispute from Plaintiff Camilla Groso in or around June 2025. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).

54. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

55. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

56. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

57. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

58.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

59.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

60.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

61.     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## FIRST CAUSE OF ACTION
### Fair Credit Reporting Act §§ 1681e(b) and § 1681i
### Against the CRA Defendants

62.    Trans Union reasserts its answers and responses set forth herein.

63.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

64.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

65.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

67.    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68.     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**SECOND CAUSE OF ACTION**
**Fair Credit Reporting Act §§ 1681s-2(b)**
**Against the Furnisher Defendant**

69.     Trans Union reasserts its answers and responses set forth herein.

70.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

71.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

72.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

73.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76.    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PRAYER FOR RELIEF

Trans Union denies the allegations contained in the Prayer paragraph of the Complaint.

## JURY DEMAND

Trans Union admits that Plaintiff demands a jury trial. Trans Union denies the remaining allegations contained in this paragraph.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1.    At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiffs in preparing consumer reports related to Plaintiffs.

2.    Any alleged damages to Plaintiffs, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiffs or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

3.    Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiffs.

4.    Trans Union at all times acted in compliance with the FCRA.

5.      Trans Union has not published any false, inaccurate or defamatory information to a third party regarding Plaintiffs and has not acted with negligence, malice, actual malice, or willful intent to injure.

6.      Any statement made by Trans Union regarding Plaintiffs was true or substantially true.

7.      Plaintiffs failed to mitigate their alleged damages.

8.      Plaintiffs' claims for exemplary or punitive damages and the damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Maine.

9.      To the extent Trans Union could be found liable, Plaintiffs were comparatively/contributorily negligent.

10      In the event that a settlement is reached between Plaintiffs and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

11.     Any alleged damages to Plaintiffs, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

12.     Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiffs have filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

13.     Trans Union reserves the right to assert additional defenses that it may learn of through the course discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint dismiss the action in its entirety, grant Defendant its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,


/s/ Micah A. Smart
Micah A. Smart, Esq.
Murray Plumb & Murray
75 Pearl Street
P.O. Box 9785
Portland, ME  04104-5085
Telephone:  (207) 699-0052
Fax:  (207) 773-8023
E-Mail:  msmart@mpmlaw.com

*Local Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **10th day of March, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Evan S. Rothfarb, Esq.<br>erothfarb@consumerprotection.com | Thomas A. Cox, Esq.<br>tacsail@icloud.com |
| Hillary J. Massey, Esq.<br>hmassey@seyfarth.com | Samin Hessami, Esq.<br>shessami@seyfarth.com |
| Connor G. Scholes, Esq.<br>cscholes@jonesday.com | Seth W. Brewster, Esq.<br>sbrewster@jensenbaird.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **10th day of March, 2026**, properly addressed as follows:

| | |
|---|---|
| None. | |

*/s/ Micah A. Smart*

Micah A. Smart, Esq.
Murray Plumb & Murray
75 Pearl Street
P.O. Box 9785
Portland, ME  04104-5085
Telephone:  (207) 699-0052
Fax:  (207) 773-8023
E-Mail:  msmart@mpmlaw.com

*Local Counsel for Defendant Trans Union LLC*