## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

ANGELA GROSSO and CAMILLA GROSSO,

    Plaintiffs,

    v.

TOYOTA MOTOR CREDIT CORPORATION
d/b/a LEXUS FINANCIAL SERVICES,
EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., AND TRANS UNION, LLC,

    Defendants.

Case No. 2:25-cv-00630-LEW

### EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiffs' Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

### PRELIMINARY STATEMENT

**COMPLAINT ¶2023:**

This is an action for actual, statutory, treble and punitive damages, declaratory relief, and statutory attorney's fees and costs brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §

323336425v.1

1681, et seq. ("FCRA") and Maine Fair Credit Reporting Act, 10 M.R.S.A. §1306, et seq. ("MFCRA").

**ANSWER:**

Equifax admits that Plaintiffs purport to bring an action pursuant to the Fair Credit Reporting Act ("FCRA") and Maine Fair Credit Reporting Act ("MRSA"), but Equifax denies that it violated the law and further denies that Plaintiffs are entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶2024:**

Specifically, Plaintiff Angela Grosso and Camilla Grosso (collectively, "Plaintiffs") bring this action for damages resulting from inaccurate reporting of tradelines on their credit reports and Defendants' failures to, inter alia, conduct reasonable investigations and correct the reports.

**ANSWER:**

Equifax admits that Plaintiffs purport to make such allegations. Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiffs, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶2025:**

The Defendants consist of three national credit reporting agencies: Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (collectively, the "CRA Defendants"); and a "furnisher[s] of information" to those agencies: Toyota Motor Credit Corporation d/b/a Lexus Financial Services (the "Furnisher Defendant" or "TMCC").

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations in this paragraph.

323336425v.1

**COMPLAINT ¶2026:**

Plaintiffs discovered inaccurate derogatory information on their credit reports and disputed the same directly with the CRA Defendants who, in turn and upon information and belief, communicated the same to the Furnisher Defendant.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2027:**

The Furnisher Defendant is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, et seq.).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2028:**

The Furnisher Defendant violated the FCRA by:

a.    failing to conduct a reasonable investigation of the dispute(s),

b.    failing to review all relevant information provided by consumer reporting agencies, and

c.    failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2029:**

The CRA Defendants violated the FCRA by:

-3-

323336425v.1

    a.       failing to conduct a reasonable reinvestigation of the dispute(s) and delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision; and

    b.       failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff, in violation of § 1681e(b).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶2030:**

As a direct and proximate result of Defendants' negligent and willful actions, conduct, and omissions, including publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages (both economic and non-economic) including but not limited to credit denials, provision of credit at higher interest rates, damage to reputation, emotional distress, anxiety, depression, embarrassment, aggravation, and frustration.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiffs are entitled to any damages whatsoever.

**COMPLAINT ¶2031:**

Each of the Defendant's willful violations of the Plaintiffs' rights entitles them to an award of punitive damages.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiffs are entitled to any damages whatsoever.

**JURISDICTION AND VENUE**

**COMPLAINT ¶2032:**

The Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

-4-

**ANSWER:**

To the extent Plaintiffs have properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶2033:**

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

To the extent Plaintiffs have properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶2034:**

Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. § 2201.

**ANSWER:**

To the extent Plaintiffs have properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶2035:**

Venue is proper in this District because Plaintiffs reside in this District, a substantial part of the events and occurrences underlying this litigation occurred within this District, and Defendants regularly conduct business here.

**ANSWER:**

Equifax admits that the Plaintiffs have alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**PARTIES**

**COMPLAINT ¶2036:**

Plaintiff Angela Grosso is a natural person and citizen of South Portland residing in Cumberland County, Maine.

-5-

323336425v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2037:**

Plaintiff Camilla Grosso is a natural person and citizen of South Portland residing in Cumberland County, Maine.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2038:**

Plaintiff Angela Grosso and Plaintiff Camilla Grosso (collectively, "Plaintiffs") are "consumers" as defined by each of the relevant statutes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiffs qualify as "consumers" under the FCRA.

**COMPLAINT ¶2039:**

Defendant Toyota Motor Credit Corporation d/b/a Lexus Financial Services ("TMCC") is a foreign corporation with its principal place of business in Plano, Texas.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2040:**

TMCC is engaged in the business of providing consumer financing and reports credit information to the major credit reporting agencies.

323336425v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2041:**

TMCC also is engaged in the business of collecting debts using the name "Lexus Financial Services."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2042:**

Defendant Experian Information Solutions, Inc. is a foreign corporation with its principal place of business in Costa Mesa, California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2043:**

Defendant Equifax Information Services LLC is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

**ANSWER:**

Equifax admits that it is a Georgia limited liability company. Equifax further admits that it maintains an address in Atlanta, Georgia.

**COMPLAINT ¶2044:**

Defendant Trans Union, LLC is a foreign limited liability company with its principal place of business in Chicago, Illinois.

323336425v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### FACTUAL ALLEGATIONS

**COMPLAINT ¶20:[SIC]**

In March 2022, Plaintiffs co-financed a 2015 Nissan Rogue with TMCC.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

The vehicle was financed under a retail installment sale contract, and Plaintiffs made regular monthly payments without issue until December 2023.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

On December 18, 2023, the vehicle was involved in a total loss accident.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

The vehicle was declared a total loss by the Plaintiffs' auto insurance company, Progressive Insurance, which paid $10,724.97 toward the loan balance.

323336425v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

After the insurance payment, the remaining balance on the loan was $2,214.51.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

On January 24, 2024, TMCC sent Plaintiffs a written notice informing them of the outstanding balance and provided 30 days to set up a payment plan.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

On February 23, 2024, Plaintiffs and TMCC agreed to a 12-month payment plan, which required Plaintiffs to make monthly payments of $198.35.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Plaintiffs made all required payments timely from February through July 2024.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323336425v.1

**COMPLAINT ¶28:**

For the month of August 2024, on August 30, 2024, at 7:14 p.m. Eastern Time, Plaintiffs scheduled a $200 payment using the TMCC website.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

TMCC's website states: "A payment scheduled before 5:00 p.m. PST will be credited to your account that same day."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

However, after the payment was scheduled, TMCC's website stated that the payment would clear on September 2, 2024, due to the Labor Day holiday.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

On or about August 30, 2024, despite the scheduled payment and without prior notice, TMCC charged off the account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323336425v.1

**COMPLAINT ¶32:**

Shortly thereafter, TMCC began reporting the account as charged off to each of the CRA Defendants.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

TMCC cancelled the scheduled August 2024 payment and sent the account to collections with Radius Global Solutions.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

On September 12, 2024, Plaintiff Angela Grosso received a credit alert from Credit Karma indicating that her credit score had dropped by over 100 points.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Upon contacting TMCC, Plaintiffs learned that the account had been charged off and referred to Radius Global Solutions for collection.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323336425v.1

**COMPLAINT ¶36:**

Plaintiffs promptly contacted Radius Global Solutions, which offered to resolve the remaining balance on the account for $575.00.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

Neither TMCC, nor Radius Global Solutions provided an explanation for why the account had been marked as a charge-off while a payment was pending.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

The TMCC account tradeline on each of the Plaintiffs' credit reports with the CRA Defendants does not indicate that TMCC received any late payments from Plaintiffs, but incorrectly reflects that the account was charged off for multiple months.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶39:**

Under the duress being referred to collections and the continued erroneous reporting of the debt as a charge-off on Plaintiffs' credit reports, Plaintiffs paid $575 to resolve the TMCC account on September 12, 2024.

-12-

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶40:**

Despite the payment, the charge-off remained on Plaintiffs' credit reports with Experian, Equifax, and TransUnion, marked as a "Paid Charge-Off."

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

In or about mid-September 2024, Angela Grosso filed online disputes with Equifax, Experian, and TransUnion regarding the inaccurate charge-off reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶42:**

The dispute process on each of the CRA Defendants' websites was limited by predefined categories that did not fully reflect Angela Grosso's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

Although the credit reporting agencies provided the option to add a consumer statement to explain the situation, the character limit imposed by the system prevented Angela Grosso from including a comprehensive account of the circumstances.

-13-

323336425v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

Upon information and belief, Angela Gross's disputes were received by Equifax, Experian and Trans Union, respectively, and sent to TMCC.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

Despite receipt of the disputes, neither Equifax, Experian, Trans Union nor TMCC corrected the tradeline on either of the Plaintiffs' credit reports, and the negative charge-off remained reported on the credit reports for each of the Plaintiffs.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

On October 21, 2024, a TMCC representative confirmed to Angela Grosso that Plaintiffs had made all payments prior to the charge-off and assured her that TMCC would submit updates to the credit reporting agencies correcting incorrect charge-off (as well as any other errant tradeline data).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323336425v.1

**COMPLAINT ¶47:**

Despite this assurance, the charge-off status on both Plaintiffs' credit reports remained unchanged. The inaccurate reporting continued to reflect negatively on each of the Plaintiffs' credit history.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶48:**

On October 13, 2024, Plaintiffs filed a complaint with the Consumer Financial Protection Bureau (CFPB), requesting an investigation and the removal of the charge-off from the two Plaintiffs' credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

TMCC responded to the CFPB complaint on October 28, 2024, asserting that the August 2024 payment was not received on time and the charge-off was therefore valid.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

On June 10, 2025, Angela Grosso again disputed the inaccurate charge-off and account information from TMCC on her credit reports with Equifax, Experian, Trans Union, and TMCC via USPS certified mail.

**ANSWER:**

Equifax denies the allegations in this paragraph.

323336425v.1

**COMPLAINT ¶51:**

Upon information and belief, Equifax, Experian and Trans Union each received Angela Grosso's disputes and sent them to TMCC (in addition to the dispute that was sent by Angela Grosso directly to TMCC).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶52:**

Despite receipt of the disputes, neither Equifax, Experian, Trans Union, nor TMCC corrected the tradeline on Angela Grosso's credit reports, and the negative charge-off on the TMCC tradeline remains on each of her credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information

sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis,

denies the allegations contained therein.

**COMPLAINT ¶53:**

On June 10, 2025, Camilla Grosso also disputed the inaccurate charge-off and account information from TMCC on her credit reports with Equifax, Experian, Trans Union, and TMCC via USPS certified mail.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶54:**

Upon information and belief, Equifax, Experian, and Trans Union each received Camilla Grosso's disputes and sent them to TMCC (in addition to the dispute that was sent by Camilla Grosso directly to TMCC).

**ANSWER:**

Equifax denies the allegations in this paragraph.

323336425v.1

**COMPLAINT ¶55:**

Despite receipt of the disputes, neither Equifax, Experian, Trans Union, nor TMCC corrected the tradeline on Camilla Grosso's credit reports, and the negative charge-off on the TMCC tradeline remains on each of her credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶56:**

The inaccurate reporting of the charge-off has caused significant damage to each of the Plaintiffs credit scores and financial standing.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶57:**

The inaccurate information has been conveyed to each of the Plaintiffs' existing creditors and, upon information and belief, used to by them to evaluate them as candidates for credit offers, including extending existing credit limits, and providing more favorable credit terms.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶58:**

For instance, due to the charge-off, Angela Grosso was unable to refinance her mortgage at a lower interest rate, resulting in a significant financial burden.

323336425v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶59:**

Additionally, several of Angela Grosso other creditors, including American Express, reduced her credit limits, which further increased her credit utilization ratio and caused additional harm to her credit.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

As a result of Defendants' actions, Plaintiffs experienced emotional distress, anxiety, and frustration.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶61:**

Despite Plaintiffs' efforts to resolve the issue, the inaccurate reporting remains on each of their credit reports, causing ongoing harm.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

323336425v.1

## FIRST CAUSE OF ACTION

### Fair Credit Reporting Act § 1681e(b) and § 1681i
### Against the CRA Defendants

**COMPLAINT ¶62:**

Plaintiffs repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶63:**

The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

a.    failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiffs' credit files in violation of § 1681i(a)(1);

b.    by failing to review and consider all relevant information submitted by Plaintiffs in violation of § 1681i(a)(4); and

c.    by failing to properly delete the disputed inaccurate items of information from Plaintiffs' credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶64:**

Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs in the preparation of their credit reports and credit files that the CRA Defendants published and maintained.

**ANSWER:**

Equifax denies the allegations in this paragraph.

-19-

323336425v.1

**COMPLAINT ¶65:**

As a result of the CRA Defendants' violations of § 1681i and § 1681e(b), Plaintiffs suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶66:**

The CRA Defendants' conduct is also in violation of the MFCRA, 10 M.R.S.A. § 1309(1), for failure to comply with the federal FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶67:**

These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, treble damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 10 M.R.S.A. § 1310-C.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶68:**

In the alternative, the CRA Defendants were negligent, entitling Plaintiffs to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o and 10 M.R.S.A. § 1310- D.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

323336425v.1

## SECOND CAUSE OF ACTION
### Fair Credit Reporting Act § 1681s-2(b)
### Against The Furnisher Defendant

**COMPLAINT ¶69:**

Plaintiffs repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶70:**

Congress enshrined within the FCRA the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶71:**

Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . .." 15 U.S.C. §1681(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

323336425v.1

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶72:**

The Furnisher Defendant violated §1681s-2(b) by its acts and omissions, including, but not limited to:

a.      failing to conduct a reasonable investigation of Plaintiffs' dispute(s),

b.      failing to review all relevant information provided by consumer reporting agencies, and,

c.      failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶73:**

As a result of the Furnisher Defendant's violations of §1681s-2(b)(1), Plaintiffs suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and the other damages set forth herein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

The Furnisher Defendant's conduct is also in violation of the MFCRA, 10 M.R.S.A. § 1309(1), for failure to comply with the federal FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

323336425v.1

**COMPLAINT ¶75:**

These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendant liable for actual damages, statutory damages, treble damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 10 M.R.S.A. § 1310-C.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

In the alternative, the Furnisher Defendant was negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o and 10 M.R.S.A. § 1310- D.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seeks judgment in her favor and damages against Defendants:

A.     awarding Plaintiffs actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and

B.     such other and further relief, including equitable and declaratory relief, as may be necessary, just, and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demands a trial by jury of all issues triable by jury.

-23-

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax asserts the following affirmative and other defenses to the Complaint:

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiffs against it. Equifax is neither incorporated nor headquartered in Maine, and the conduct giving rise to Plaintiffs' claim occurred outside of Maine and was not targeted at Maine.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiffs' Complaint, Equifax prays that:

(1)    Plaintiffs' Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiffs;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

-24-

323336425v.1

Dated: March 30, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Samin Hessami*

    Samin Hessami, *Admitted Pro Hac Vice*
    shessami@seyfarth.com
    SEYFARTH SHAW LLP
    700 Milam Street, Suite 1400
    Houston, Texas  77002-2812
    Telephone:  (713) 238-1847
    Facsimile:  (713) 821-0711

    Hillary J. Massey (Maine 004449)
    hmassey@seyfarth.com
    SEYFARTH SHAW LLP
    Seaport East
    Two Seaport Lane, Suite 1200
    Boston, Massachusetts  02210-2028
    Telephone:  (617) 946-4800
    Facsimile:  (617) 946-4801

    *Counsel for Defendant*
    *Equifax Information Services LLC*

-25-

323336425v.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


/s/ Samin Hessami
Samin Hessami
*Counsel for Defendant*
*Equifax Information Services LLC*

323336425v.1